UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRADLEY GIBBS                                                     CIVIL ACTION

VERSUS

BELL MECHANICAL SERVICES,                        NO.: 15-00084-BAJ-RLB
L.L.C.

RULING AND ORDER

Before the Court is a **Joint Motion for Extension of Discovery Deadline (Doc. 10)** filed by Plaintiff Bradley Gibbs ("Plaintiff") and Defendant Bell Mechanical Services, L.L.C. ("Defendant"). Before the Court is also a **Motion for Summary Judgment (Doc. 11)** filed by Defendant pursuant to Federal Rule of Civil Procedure ("Rule") 56(a). Plaintiff has filed a response to Defendant's motion and seeks relief under Rule 56(d). (Doc. 15). Defendant has sought leave of Court to file a reply. (Doc. 16). For the reasons stated below, the **Joint Motion for Extension of Discovery Deadline (Doc. 10) is GRANTED IN PART** and **DENIED IN PART**. The Court will **DEFER** ruling on Defendant's **Motion for Summary Judgment (Doc. 11)**. Defendant's **Motion for Leave to File Reply Memorandum in Support of its Motion for Summary Judgement (Doc. 16) is DENIED**.

I.  BACKGROUND

Plaintiff was employed by Defendant at its Baton Rouge facility as a technician and supervisor until his employment was terminated. (Doc. 1 at ¶ 4). Plaintiff alleges that his termination resulted from his inability to work due to injuries he sustained

1

during an automobile accident that occurred while he was acting in the course and scope of his employment. (*Id.* at ¶¶ 5—10). Plaintiff asserts that his wife contacted Defendant to explain that he would not be able to work for an extended period. (*Id.* at ¶¶ 8—9). Plaintiff avers that his wife submitted short-term disability paperwork to Defendant, and that he was terminated shortly thereafter. (*Id.* at ¶¶ 9—10). Plaintiff asserts that Defendant violated the Family Medical Leave Act ("FMLA") by "interfering with, denying, retaliating or otherwise discriminating against [him] for exercising his right to obtain leave pursuant to the FMLA." (*Id.* at ¶ 11).

## II.  PRESENT MOTIONS

The Court entered a Scheduling Order that set December 15, 2015 as the deadline to file discovery motions and complete fact discovery. (Doc. 9 at ¶ 2). Before this deadline passed, the parties filed a Joint Motion for Extension of Discovery Deadline on December 2, 2015. (Doc. 10). The parties assert that after exchanging written discovery, a motion for summary judgment would be filed by Defendant "in the very near future." (Doc. 10 at ¶¶ 4—7). Because resolution of Defendant's motion could obviate the need for further discovery and limit the cost of litigation, the parties assert that good cause exists to extend the discovery deadline. (*Id.* at ¶¶ 4—7, 9—10).

Defendant filed its Motion for Summary Judgment the next day. (Doc. 11). Defendant asserts that it is entitled to judgment as a matter of law because Plaintiff is not an eligible employee under the FMLA. (Doc. 11-2 at pp. 1, 4—6); *see* 29 U.S.C. § 2611(2)(B)(ii). Defendant maintains that it did not employ 50 or more employees within a 75 mile radius of Plaintiff's worksite. (*Id.*). Defendant relies upon the

declaration of its Office Administrator, Terri Bell ("Ms. Bell"). (Doc. 11-3). Ms. Bell states that Defendant did not employ more than 33 employees at its Baton Rouge facility during the applicable period, and that its only other facility is over 400 miles away. (*Id.* at ¶¶ 3—7). Ms. Bell's declaration purports to provide a list of all employees that worked out of the Baton Rouge facility during the applicable period. (*Id.* at ¶ 9). Ms. Bell's declaration also provides a "Ledger Card Report" for the applicable period that purportedly documents all of Defendant's employees. (*Id.* at pp. 4—9).

In response, Plaintiff does not dispute that summary judgment is proper if Defendant's claim about the size of its workforce is correct. (*See* Doc. 15). Plaintiff asserts, however, that Ms. Bell's declaration contradicts written interrogatories answered by Defendant. (*Id.* at p. 5). Specifically, Defendant responded to an interrogatory stating that its Baton Rouge facility had 36 employees during the applicable period, (Doc. 15-1 at p. 3, Answer to Interrogatory No. 6); Ms. Bell's declaration, however, states that the Baton Rouge facility had 33 employees during that time, (Doc. 11-3 at ¶ 7). Plaintiff also asserts that Ms. Bell's declaration omits at least two employees, Edith Gill and Lisa Diles, even though they were both identified as employees of Defendant. (Doc. 15 at p. 5; Doc. 15-1 at pp. 4—5, Answer to Interrogatory No. 9 and 10; Doc. 15-2 at p. 1). Given these inconsistencies, Plaintiff argues that there is at least a genuine dispute of material fact regarding the size of Defendant's workforce. Alternatively, Plaintiff argues that these inconsistencies militate in favor of a Rule 56(d) continuance. (Doc. 15 at pp. 1, 6).

## III.  DISCUSSION

The sole issue raised by Defendant's motion for summary judgment is whether Plaintiff's claim must fail because Defendant did not employ 50 or more employees within a 75 mile radius of Plaintiff's worksite. *See* 29 U.S.C. § 2611(2)(B)(ii). The Court finds that Plaintiff has not satisfied his reciprocal burden of producing significant probative evidence to demonstrate that a genuine issue of material fact exists. *See Little*, 37 F.3d 1069, 1075; *see Celotex Corp.*, 477 U.S. 317, 324. Although Plaintiff draws attention to inconsistencies between Defendant's discovery responses and Ms. Bell's declaration, Plaintiff has not set forth independent evidence suggesting that Defendant employed more than 50 people during the period in question. And even when the inconsistencies relied upon by Plaintiff are considered, they do not demonstrate that the size of Defendant's workforce crosses this numerical threshold.

Plaintiff's failure to produce evidence of a genuine issue of material fact does not, however, end the Court's analysis. Plaintiff asserts that he "believes through continued discovery and obtaining records from independent payroll companies he will be able to ascertain an accurate assessment of all [Defendant's] employees." (Doc. 15 at p. 6). Accordingly, the Court must consider whether Rule 56(d) precludes resolution of Defendant's motion for summary judgment. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

Although the inconsistencies relied upon by Plaintiff do not create a genuine issue of material fact, the Court finds that they nonetheless warrant an extension of the discovery period pursuant to Rule 56(d). *See Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotations omitted) (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (explaining that "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose"). The inconsistencies at issue came to light as a result of Ms. Bell's recent declaration, and they bear directly on the discrete factual issue upon which Defendant's motion for summary judgment rests.[2]

The Court finds it plausible that additional discovery may influence the outcome of Defendant's motion for summary judgment.[3] *Id.* Plaintiff has diligently attempted to discover the exact number of employees working at Defendant's Baton Rouge facility. (*See* Doc. 15-1 at p. 3, Interrogatory No. 6; *see* Doc. 15-2 at p. 3, Request for Production No. 4). This information is within the knowledge of Defendant and

---

[1] The submission of an affidavit or declaration in support of discovery by the party opposing summary judgment is preferred, but the failure to follow this technical requirement will not foreclose relief under Rule 56(d) if the party seeking a continuance submits "some equivalent statement, preferably in writing of its need for additional discovery. . . ." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991) (citations and internal quotation marks omitted).

[2] Although they do not create a genuine issue of material fact in and of themselves, as discussed *infra*, the Court is nonetheless troubled by the inconsistencies uncovered by Plaintiff.

[3] As indicated, Defendant has sought leave to file a reply to clarify the inconsistencies illuminated by Plaintiff. (Doc. 16). The Court finds that the prudent course of action is to allow more discovery Pursuant to Rule 56(d) so that Plaintiff can ascertain if any other oversights are revealed that will affect the outcome of Defendant's motion for summary judgment. If after additional discovery Plaintiff elects to supplement his response, the Court will allow Defendant to file a reply in the future.

should be susceptible of collection within a reasonable amount of time. *Biles*, 714 F.3d 887, 894. Accordingly, Plaintiff will be afforded **thirty days** from the issuance of this Ruling and Order to: 1) conduct additional discovery limited to the size of Defendant's workforce, and 2) supplement his opposition to Defendant's motion if he so chooses.

Lastly, the Court addresses the parties' joint motion to extend discovery deadlines, which was filed before the original deadline expired. Because Defendant's motion will remain pending and may result in dismissal of Plaintiff's lawsuit, the Court finds good cause to extend the discovery deadline to conduct depositions, if necessary, until April 1, 2016.

## IV.  CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that the parties' **Joint Motion for Extension of Discovery Deadlines (Doc. 10)** is **GRANTED IN PART** and **DENIED IN PART**. The deadline to conduct depositions, if necessary, is extended until April 1, 2016.

**IT IS FURTHER ORDERED** that pursuant to Rule 56(d), Defendant's **Motion for Summary Judgment (Doc. 11)** is **DEFERRED** pending an additional **thirty days** from issuance of this Ruling and Order so that Plaintiff may conduct additional discovery limited to the size of Defendant's workforce during the applicable period.

**IT IS FURTHER ORDERED** that Plaintiff may supplement his **Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 15)** once within **thirty days** from issuance of this Ruling and Order.

6

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Reply Brief in Support of Defendant's Motion for Summary Judgment (Doc. 16) is DENIED.

Baton Rouge, Louisiana, this 22nd day of January, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA